IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CURTIS JAMES HOFFMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 23-838 |
| ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

O R D E R

AND NOW, this 30th day of September, 2024, upon consideration of the parties' cross-motions for summary judgment, the Court, after reviewing the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits ("DIB") under Subchapter II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms.  *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)).  *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff argues that the residual functional capacity ("RFC") determination of the Administrative Law Judge ("ALJ") was not supported by substantial evidence because he relied only on raw medical data rather than medical opinions in reaching his findings and further that

the ALJ failed to sufficiently develop the administrative record.  The Court finds no merit in Plaintiff's contentions and further finds that substantial evidence supports the ALJ's RFC findings and his determination that Plaintiff is not disabled.

Plaintiff asserts that the ALJ's RFC findings were insufficient because they were not based on any medical opinions.  Specifically, he argues that although the ALJ found the only medical opinion in the record – that of state agency medical consultant Stephanie Prosperi, M.D. – to be persuasive, his RFC findings actually deviated significantly from those set forth in Dr. Prosperi's opinion.  He argues, therefore, that the ALJ relied on his own lay analysis to craft an RFC out of whole cloth.  However, the Third Circuit Court of Appeals has made clear that "[t]he ALJ – not treating or examining physicians or State agency consultants – must make the ultimate disability and RFC determinations."  *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011).  *See also* 20 C.F.R. §§ 404.1520b(c)(3), 404.1546(c); SSR 96-5p, 1996 WL 374183 (S.S.A.) (July 2, 1996).  "There is no legal requirement that a physician have made the particular findings that an ALJ adopts in the course of determining an RFC."  *Titterington v. Barnhart*, 174 Fed. Appx. 6, 11 (3d Cir. 2006).  *See also Chandler*, 667 F.3d at 362 (holding that each fact incorporated into the RFC need not have been found by a medical expert).  As the Circuit Court explained in *Titterington*, "[s]urveying the medical evidence to craft an RFC is part of an ALJ's duties." 174 Fed. Appx. at 11.  Accordingly, an ALJ is not prohibited from making an RFC assessment even if no doctor has specifically made the same findings.  *See Hayes v. Astrue*, Civ. No. 07-710, 2007 WL 4456119, at *2 (E.D. Pa. Dec. 17, 2007).

While an ALJ must, in any event, explain the basis for the RFC findings and set forth the reasons for crediting or discrediting relevant or pertinent medical evidence, s*ee Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 121-22 (3d Cir. 2000); *Fargnoli v. Massanari*, 247 F.3d 34, 41 (3d Cir. 2001), the ALJ clearly did so here.  As Plaintiff acknowledges, the RFC formulated by the ALJ was significantly less restrictive than the functional limitations set forth in Dr. Prosperi's opinion, but the ALJ explained how and why the evidence called for such a finding.  The basis for the ALJ's findings were therefore clearly explained and supported by substantial evidence.

Plaintiff is correct that part of the issue in this case is that there was so little evidence from the relevant time period that other physicians were unable to render an opinion as to his functional capacity.  To qualify for DIB, Plaintiff had to establish that he had disability insured status at the time he became disabled.  *See* 20 C.F.R. § 404.131.  Here, Plaintiff's date last insured was June 30, 2018 (R. 15), so he had to prove disability on or before that date.  As even he acknowledges, evidence that would support such a finding was sparse.  He suggests that the paucity of evidence triggered the ALJ's duty to further develop the record, and indeed, an ALJ does have a duty to develop a full and fair record in a social security case.  *See Ventura v. Shalala*, 55 F.3d 900, 902 (3d Cir. 1995); *Carmichael v. Barnhart*, 104 Fed. Appx. 803, 805 (3d Cir. 2004); 20 C.F.R. § 416.912(b)(1).  It does, however, remain Plaintiff's burden to supply evidence in support of his claim.  *See Ventura*, 55 F.3d at 902; *Money v. Barnhart*, 91 Fed. Appx. 210, 215 (3d Cir. 2004) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987)); *Hess v. Sec. of Health, Educ., and Welfare*, 497 F.2d 837, 840 (3d Cir. 1974).  Under the circumstances,

it is not clear what else the ALJ could have done to help Plaintiff, who was represented throughout the administrative proceedings, obtain additional relevant evidence.

Plaintiff asserts that the ALJ could have arranged for one or more consultative examinations to provide further evidence as to his functional capacity. However, while an ALJ *may* order a consultative examination to resolve an inconsistency or if the record is insufficient to render a decision, he or she is generally not required to do so. *See* 20 C.F.R. §§ 404.1519a, 404.1520b; *Thompson v. Halter*, 45 Fed. Appx. 146, 149 (3d Cir. 2002). Generally, an ALJ is authorized to obtain a consultative examination "if the information needed to make a disability determination, 'such as clinical findings, laboratory tests, a diagnosis or a prognosis' cannot be obtained from the claimant's medical sources." *Tuulaupua v. Colvin*, Civ. No. 14-1121, 2015 WL 5769984, at *6 (W.D. Pa. Sept. 30, 2015) (quoting 20 C.F.R. §§ 404.1519a(a) and (b)). Such an examination may be ordered "to try to resolve an inconsistency in the evidence or when the evidence as a whole is insufficient to support a determination or decision on [the claimant's] claim." 20 C.F.R. § 404.1519a(b). The decision whether to order such an examination is within the sound discretion of the ALJ. *See Thompson*, 45 Fed. Appx. at 149. This decision "should be firmly rooted in an assessment of the evidence as a whole." *Woodman v. Berryhill*, Civ. No. 3:17-cv-151, 2018 WL 1056401, at *5 (M.D. Pa. Jan. 30, 2018). The Court agrees with the ALJ that his case did not present a situation calling for a consultative examiner,

As the Commissioner points out, Plaintiff filed his claim for DIB well over a year after his insured status ended. Any consultative examination, therefore, would have been over a year, and more likely two years, after the relevant time period. Evidence from after a claimant's date last insured is relevant only if it pertains to Plaintiff's condition during the relevant period. *See Ortega v. Comm'r of Soc. Sec.*, 232 Fed. Appx. 194, 197 (3d Cir. 2007). Examinations as to Plaintiff's functionality years after his date last insured, likely by someone who had no contact with Plaintiff prior to June 30, 2108, would not qualify as such evidence. Given the ALJ's broad discretion in regard to this issue, the Court finds that he did not err in declining to schedule a consultative examination.

This is, of course, the crux of the issue here; there is little evidence that would establish that Plaintiff was disabled on or before June 30, 2018. For the most part, any additional evidence relevant to that period would have had to already be in existence. None of Plaintiff's representatives represented to the ALJ that there was more evidence from that period or that there was anything he could do to help obtain that evidence. This case is not, therefore, one with an under-developed record, but rather one where Plaintiff has insufficient evidence to establish that he was disabled prior to his date last insured.

Accordingly, the Court finds that the ALJ applied the correct legal standards and that substantial evidence supports that decision. It will therefore affirm.

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 13) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 18) is GRANTED.

s/Alan N. Bloch  
United States District Judge

ecf:    Counsel of record